UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DURR SYSTEMS, INC.,

    Plaintiff,

v.                                                        Case No. 05-CV-71268-DT

FANUC LIMITED et al.,

    Defendants.
                                                       /

**ORDER GRANTING PLAINTIFF'S "MOTION FOR SANCTIONS AND TO COMPEL DISCOVERY" AND AMENDING SCHEDULING ORDER**

On May 16, 2006, the court conducted a telephone conference and motion hearing related to issues raised in Plaintiff Durr Systems, Inc.'s ("Durr's") "Motion for Sanctions and to Compel Discovery," filed on April 28, 2006. For the reasons stated fully on the record, the court granted Plaintiff's motion. The court also granted an extension to the January 6, 2006 Scheduling Order.

Specifically, during the May 16 conference, the court found that sanctions were warranted under Federal Rule of Civil Procedure 37(d) for Defendants Fanuc Limited and Fanuc Robotics America's (collectively, "Fanuc's") behavior during the April 6 and April 7, 2006 inspection. The court held that Defendants had engaged in sanctionable conduct when they produced for inspection the relevant "source code" in such a way that has, at least, the appearance of obfuscation. Producing the voluminous source code in one file directory was, in the court's view, unreasonable and designed to frustrate Plaintiff's legitimate discovery efforts. The court therefore held that Defendants will pay for Plaintiff's reasonable expert costs (including travel, hourly rates, lodging, meals, etc.) incurred during the two-day inspection which, due to Defendants' conduct,

was fruitless. Plaintiff shall provide a bill of costs to Defendants within the next week and the parties are encouraged to work cooperatively to settle any disputes over the amount of costs. In the event the parties are unable to agree on the appropriate amount to be paid, Plaintiff shall file the necessary motion within **twenty-eight days** from the date of this order.

Further, Defendants will produce for inspection the relevant source code, under the terms further explained during the May 16 telephone conference and motion hearing, as soon as is reasonably practicable as coordinated with Plaintiff's experts.[1] Plaintiff's experts will also be allowed to make copies of such potions of the source code as they may need to conduct further off-site study, subject to the agreed-upon protective order. Defendants expressed concern about the possibility that all of the five million lines of code may be sought to be copied, and suggest that such should be declared improper. This the court cannot do preemptively. Any disputes regarding such permitted copying of the source code may be brought to the court's attention immediately by contacting the court's case manager, who will schedule a telephone conference with the court.

Finally, the court found that a two-month extension to certain dates in the court's January 6, 2006 Scheduling Order was warranted in light of the delays that the parties had been experiencing in their discovery efforts. Accordingly,

IT IS ORDERED that Plaintiff's April 28, 2006 "Motion for Sanctions and to

---

[1] The court notes that Plaintiff's counsel estimated such inspection would likely occur by the end of the month.

Compel Discovery" [Dkt. # 22] is GRANTED, as further specified in the body of this order.[2]

IT IS ALSO ORDERED that the court's January 6, 2006 Scheduling Order is AMENDED [Dkt # 15] as follows:

(1) The parties shall file their joint statement of terms requiring construction and proposed constructions on or before **July 21, 2006**;
(2) The parties shall identify proposed witnesses to testify at the Markman hearing on or before **July 21, 2006**;
(3) The parties shall file opening claim construction briefs on or before **August 9, 2006**;
(4) The parties shall file responsive claim construction briefs on or before **August 25, 2006;**
(5) A Markman hearing in this matter will be held on **September 20, 2006 at 2:00 p.m.**

IT IS FURTHER ORDERED that all other dates in the January 6, 2006 Scheduling Order remain unchanged.

          S/Robert H. Cleland
          ROBERT H. CLELAND
          UNITED STATES DISTRICT JUDGE

Dated: May 23, 2006

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 23, 2006, by electronic and/or ordinary mail.

          S/Lisa Wagner
          Case Manager and Deputy Clerk
          (313) 234-5522

---

[2]The court recognizes that Plaintiff's motion sought more than just the source code, which was the only topic discussed during the May 16 conference. Nonetheless, Defendants indicate in their response brief that they are both willing to produce the sought documents (software design and training documents) and also have been producing them on a rolling basis. (Defs.' Resp. Br. at 18-19.) The court therefore finds this request to be moot. In the event Plaintiff does not acquire the sought documents within a reasonable time, it may file a renewed motion to compel at a later date.

S:\Cleland\JUDGE'S DESK\Even Orders\05-71268.DURR.Compel.Sanctions.ExtendDates.2.wpd